IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| James R. Maloney, ) | |
| ) | C/A No. 9:10-0725-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Landmark Tours & Travel, Inc.; Low ) | |
| Country Adventures, Ltd.; Park 'N Fly, ) | |
| Inc.; Park 'N Fly Service Corporation; and ) | |
| Park 'N Fly Group One, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff James R. Maloney is a former employee of Defendant Low Country Adventures, Ltd. ("Low Country"). Defendant Landmark Tours & Travel, Inc. ("Landmark Tours") is the parent company of Low Country. Plaintiff filed the within action in the Court of Common Pleas for Beaufort County, South Carolina, on February 17, 2010. Plaintiff alleges that on or about February 21, 2007, he attempted to enter premises owned and/or occupied by Defendants Landmark Tours; Low Country; Park 'N Fly, Inc.; Park 'N Fly Service Corporation; and Park 'N Fly Group One, Inc. in Hilton Head, South Carolina, and that he slipped and fell on the handicap access ramp. Plaintiff alleges that he suffered severe and permanent injuries as a result of the fall. Plaintiff asserts a cause of action for negligence. Defendants removed the case to federal court on March 22, 2010.

This matter came before the court on motion to dismiss for lack of subject matter jurisdiction, which motion was filed by Landmark Tours and Low Country on October 18, 2010. See Fed. R. Civ. P. 12(b)(1). These Defendants assert that Plaintiff's injuries were work-related. According to these Defendants, the court lacks subject matter jurisdiction as to Low Country, Plaintiff's immediate employer, because Plaintiff's sole remedy for his on-the-job injury is to seek relief under the South

Carolina Workers' Compensation Act. See S.C. Code Ann. § 42-1-540.[1] Defendants contend that, in point of fact, Plaintiff filed and recovered on a Workers' Compensation claim against Low Country prior to bringing this action. Landmark Tours and Low Country further contend that, pursuant to S.C. Code Ann. § 42-1-400[2] of the Act, Landmark Tours is deemed to be an upstream statutory employer of Plaintiff and thus entitled to share in Low Country's immunity from tort liability under the exclusivity provisions of section 42-1-540.

---

[1] S.C. Code Ann. § 42-1-540 provides, in pertinent part:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

The exclusivity provision precludes an employee from maintaining a tort action against an employer when the employee sustains a work-related injury. Posey v. Proper Mold & Eng'g, Inc., 661 S.E.2d 395, 403 (S.C. Ct. App. 2008) (citing Edens v. Bellini, 597 S.E.2d 863, 868 (S.C. Ct. App. 2004)).

[2] Section 42-1-400 provides:

> When any person, in this section and §§ 42-1-420 and 42-1-430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 42-1-420 to 42-1-450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

"The manifest purpose [of section 42-1-400] is to afford the benefits of compensation to [workers] who are exposed to the risks of [the owner's] business, and to place the burden of paying compensation upon the organizer of the enterprise. In consequence, both the owner and the contractors whom he engages to do his work, are subjected to the requirements of the Act, and the workers receive double protection." Blue Ridge Rural Elec. Co-op, Inc. v Byrd, 238 F.2d 346, 350 (4th Cir. 1956), rev'd on other grounds, 356 U.S. 525 (1958).

Plaintiff filed a response in opposition to Landmark Tours and Low Country's motion on November 2, 2010, to which these Defendants filed a reply on November 12, 2010. Plaintiff concedes in his response that Low Country was his direct employer and erroneously was made a party to this action. Accordingly, Plaintiff voluntarily dismissed Low Country on December 1, 2010.[3] Plaintiff disputes, however, that Landmark Tours is his upstream statutory employer.

The court held a hearing on the motion to dismiss on December 1, 2010. The court directed the parties to conduct further discovery. Landmark Tours filed a supplement to motion to dismiss on December 29, 2010. Plaintiff filed a supplemental submission in opposition to the motion to dismiss on December 31, 2010. Landmark Tours filed a reply on January 3, 2011. The court has reviewed the pleadings, motion, and exhibits, and has considered the arguments of counsel and the applicable law. The court concludes that the motion to dismiss should be granted.

## DISCUSSION

The South Carolina General Assembly has vested the South Carolina Workers' Compensation Commission with exclusive original jurisdiction over an employee's work-related injuries. Poch v. Bayshore Concrete Prods./S.C., Inc., 686 S.E.2d 689, 694 (S.C. Ct. App. 2009) (citing Sabb v. S.C. State Univ., 567 S.E.2d 231, 234 (S.C. 2002)). Thus, the determination of whether a worker is a statutory employee is jurisdictional. Posey v. Proper Mold & Eng'g, Inc., 661 S.E.2d 395, 398-99 (S.C. Ct. App. 2008) (citing cases). The court has the power and the duty to review the entire record and decide the jurisdictional facts in accordance with its view of the preponderance of the evidence. Id. at 399 (citing cases). Any doubts as to a worker's status should

---

[3] On February 11, 2011, Plaintiff also filed a stipulation of dismissal as to Defendants Park 'N Fly, Inc.; Park 'N Fly Service Corporation; and Park 'N Fly Group One, Inc. Landmark Tours is the sole remaining Defendant.

be resolved in favor of including him or her under the Act. Edens v. Bellini, 597 S.E.2d 863, 868 (S.C. Ct. App. 2004) (citing Riden v. Kemet Elecs. Corp., 437 S.E.2d 156, 158 (S.C. Ct. App. 1993)).

Coverage under the Act is generally dependent on the existence of an employer-employee relationship. Id. Section 42-1-400 provides an exception to this general rule by imposing on an owner or upstream employer, depending upon the nature of the work performed, liability for the payment of compensation benefits to a worker who is not directly employed by the owner or upstream employer. See Poch, 686 S.E.2d at 697 (citing Edens, 597 S.E.2d at 868). Three tests are applied to determine whether the activity of a worker is sufficient to make him a statutory employee of the owner or upstream employer within the contemplation of section 42-1-400:

(1) is the activity an important part of the owner's business or trade;

(2) is the activity a necessary, essential, and integral part of the owner's trade, business, or occupation; or

(3) has the identical activity previously been performed by the owner's employees?

Edens, 597 S.E.2d at 868. Since no easily applied formula can be laid down for determining whether work in a particular case meets these tests, each case must be decided on its own facts. Glass v. Dow Chem. Co., 482 S.E.2d 49, 51 (S.C. 1997) (citing Ost v. Integrated Prods., Inc., 371 S.E.2d 796, 798 (S.C. 1988)). If the activity at issue meets even one of these three criteria, the worker qualifies as the statutory employee of the owner. Edens, 597 S.E.2d at 868 (citing Olmstead v. Shakespeare, 581 S.E.2d 483 (S.C. 2003)). A statutory employee may not maintain a negligence cause of action against his direct employer or his statutory employer; rather, the employee's sole remedy for work-related injuries is under the Act. Hancock v. Wal-Mart Stores, Inc. 584 S.E.2d 398, 400(S.C. Ct.

App. 2003) (quoting Neese v. Michelin Tire Corp., 478 S.E.2d 91, 94 (S.C. Ct. App. 1996)).[4]

A.    Are Low Country's Activities an Important Part of Landmark Tours' Business or Trade

William Howard Helmken, former president of Landmark Tours was deposed regarding the corporate relationship between Landmark Tours and Low Country. Helmken testified that Landmark Tours was in the business of conducting sightseeing tours and providing ground transportation and destination management in Savannah, Georgia. Deposition of W. Howard Helmken 9 (ECF No. 43-1). Landmark Tours acquired 100 percent of the stock of Low Country in 2000. Id. at 10-11. Low Country operated in Hilton Head, South Carolina, and was considered to be a direct competitor of Landmark Tours. Id. at 19. Low Country kept its name because Landmark Tours did not want to jeopardize Low Country's relationships with its customers. Id. at 14. In the court's view, Low Country's activities form an important part of Landmark Tours' business.

In Ost, the South Carolina Supreme Court also looked at whether the upstream employer controlled the activities of the downstream employer when discussing this test. 371 S.E.2d at 799. In this case, Low Country could not bind Landmark Tours contractually, incur debt, buy fleet, or make capital purchases. Helmken Dep. 16. Low Country could make only budgeted or routine expenditures under the corporate structure. Id. at 22. Helmken ultimately made decisions regarding capital and non-budgeted expenditures. Id. The person with the highest authority in the Low Country office was the general manager, Gary McCarney. Id. at 58. The general manager reported to Helmken until Helmken began reducing time spent with the business, at which time the general

---

[4] The South Carolina Court of Appeals has found the tests set forth hereinabove to be applicable in a parent/subsidiary situation as exists in this case. See Poch, 686 S.E.2d at 698 ("We recognize the above cases and referenced statutes involve a contractor/subcontractor relationship rather than a parent/subsidiary relationship. However, we find the statutes, cases, and factors considered therein equally appropriate to consider in the current situation.")

manager reported to another Landmark Tours superior. Id. All local budgets were rolled up into the budget of Landmark Tours. Id. at 20. The company accounting was done by a Landmark Tours controller in Savannah. Id. at 62. Managerial staff at the Low Country location was approved by Landmark Tours. Id. at 71. Low Country service contracts required the approval of Landmark Tours. Id. at 72. The court concludes that Plaintiff is a statutory employee of Landmark Tours under the first test set forth in Edens.

B.      Are Low Country's Activities Necessary, Essential, and Integral to Landmark Tours' Trade, Business, Occupation

An activity is necessary, essential, and integral to the upstream employer when the operations of direct employer and upstream employer are intertwined and the activities of the direct employer are essential to the success of the upstream employer. Ost, 371 S.E.2d at 799. According to Helmken, all the vehicles in the company fleet were acquired by Landmark Tours. Helmken Dep. 12. He considered the fleet of both locations to be a single fleet. Id. at 13. Helmken merged most of the finances into Landmark Tours' account and left the Low Country bank account as a kind of petty-cash account for small purchases. Id. at 17. The employee benefits were provided under one plan provided by Landmark Tours. Id. at 21. Landmark Tours depended on Low Country to be profitable. If Low Country failed to make a profit, it would directly affect Landmark Tours' bottom line. Id. at 19. The court concludes that Plaintiff is a statutory employee of Landmark Tours under the second test set forth in Edens.

C.      Has the Identical Activity Previously Been Performed by Landmark Tours' Employees

According to Helmken, Landmark Tours and Low Country had the same product lines, but some were bigger in one location than the other. Helmken Dep. 77. When Landmark Tours

purchased Low Country in 2000, Low Country's business was airport transportation, ground transportation, destination management, and sightseeing tours. Id. at 18. Low Country's business did not differ from the business of Landmark Tours. Id. As transportation manager, Plaintiff's position was mirrored by a similar transportation manager position in Landmark Tours. See id. at 56. The court concludes that Plaintiff is a statutory employee of Landmark Tours under the third test articulated in Edens.

## CONCLUSION

Under any test, Plaintiff is a statutory employee of Landmark Tours, its upstream statutory employer pursuant to S.C. Code Ann. § 42-1-400. Plaintiff's exclusive remedy against Landmark Tours for his injuries is under the Workers' Compensation Act. The Workers' Compensation Commission is vested with exclusive original jurisdiction claims arising under the Act. Accordingly, the court lacks subject matter jurisdiction. Landmark Tours' motion to dismiss (ECF No. 26) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

April 19, 2011.